UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELESTE OUBRE                                CIVIL ACTION

VERSUS                                       NO: 09-6854

TENTS N EVENTS, INC.                         SECTION: "A" (4)

### ORDER REMANDING CASE

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Celeste Oubre. Defendant Tents N Events, Inc. opposes the motion. The motion, set for hearing on December 9, 2009, is before the Court on the briefs without oral argument.

Plaintiff initiated this suit in state court for injuries allegedly sustained on September 11, 2008. Plaintiff claims that she was waiting in line at a disaster assistance center located in Vacherie, Louisiana, when a tent which was constructed over the area collapsed on her. (Pet. ¶ 2). Plaintiff seeks damages for physical and emotional injuries. (Pet. ¶ 4)

The sole defendant, Tents N Events, Inc., removed the suit to this Court alleging diversity jurisdiction. Plaintiff now moves to remand the case to state court arguing that the amount in controversy requirement is not met.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal

1

case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

28 U.S.C. § 1332(a)(1) provides for original jurisdiction where the amount in controversy exceeds $75,000.00 (exclusive of interest and costs) and the matter in controversy is between citizens of different states. In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. Nothing alleged in the petition suggests the severity or duration of her injuries. Likewise, the notice of removal merely recites, without explanation or support, that the amount in controversy exceeds $75,000.00. Again, the face of the petition does not support this assertion.

Defendant urges the Court to exercise ancillary jurisdiction over this case should it conclude that it has jurisdiction over the related case of Lisha Batiste v. Tents N Events, Inc., et al., Civil Action 09-6710. Given that jurisdiction in Batiste would be based solely on diversity of citizenship if it existed, supplemental jurisdiction over other plaintiffs' claims is not permitted. See 28 U.S.C. § 1367(b).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Celeste Oubre, is **GRANTED.** This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

December 18, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE